IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

AUG 2 9 2002

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| **IN RE RELIANT** | § § § | CIVIL ACTION NO. 02-1810 ✓ (CONSOLIDATED) |
| **SECURITIES LITIGATION** | § § § § | JUDGE EWING WERLEIN, JR. |

---

| | | |
|---|---|---|
| PETER PFAU, | § § § § | |
| Plaintiff, | | |
| v. | § § § § | CIVIL ACTION NO. 02-1837 |
| RELIANT ENERGY, INC., R. STEVE LETBETTER, and STEPHEN W. NAEVE, and MARY P. RICCIARDELLO, | § § § § § | |
| Defendants. | § | Judge Vanessa D. Gilmore |

---

| | | |
|---|---|---|
| ROBERT GLENN, III and JOHN PAGE, | § § § § | |
| Plaintiffs, | | |
| v. | § § § § | CIVIL ACTION NO. 02-1920 |
| RELIANT RESOURCES, INC., R. STEVE LETBETTER, STEPHEN W. NAEVE, and MARY P. RICCIARDELLO, | § § § § § | |
| Defendants. | § | Judge Ewing Werlein, Jr. |

26

```
------------------------------------------------------------
MILTON FERGUSON,                    §
                                    §
          Plaintiff,                §
                                    §
v.                                  §    CIVIL ACTION NO. 02-2264
                                    §
RELIANT ENERGY, INC.,               §
R. STEVE LETBETTER,                 §
STEPHEN W. NAEVE, and               §
MARY P. RICCIARDELLO,               §
                                    §
          Defendants.               §    Judge Nancy F. Atlas
------------------------------------------------------------
SCOTT SCHROEN,                      §
                                    §
          Plaintiff,                §
                                    §
v.                                  §    CIVIL ACTION NO. 02-2292
                                    §
RELIANT ENERGY, INC.,               §
R. STEVE LETBETTER,                 §
STEPHEN W. NAEVE, and               §
MARY P. RICCIARDELLO,               §
                                    §
          Defendants.               §    Judge Vanessa D. Gilmore
------------------------------------------------------------
```

## MEMORANDUM AND ORDER

Pending are the Motion of the Boca Raton Police & Firefighters Retirement System and the Louisiana Retirement Funds for the Appointment as Lead Plaintiff and Approval of Their Selection of Co-Lead and Liaison Counsel (Document No. 12),[1] and Defendants' Motion to Consolidate Related Cases (Document No. 22). No

---

[1] Various other potential class members also filed motions for appointment as lead plaintiff and for approval of lead counsel. These motions have been withdrawn. *See* Document No. 24.

opposition has been filed in response to these motions, and in accordance with Local Rule 7.4, the motions are deemed unopposed.

## I. Consolidation

Defendants move to consolidate Civil Cause No. H-02-1837, *Pfau v. Reliant Energy, Inc.*, Civil Cause No. H-02-1920, *Glenn v. Reliant Resources, Inc.*, Civil Cause No. H-02-2264, *Ferguson v. Reliant Energy, Inc.*, and Civil Cause No. H-02-2292, *Schroen v. Reliant Energy, Inc.*, into this consolidated action, Civil Cause No. H-02-1810, *In re Reliant Securities Litigation*. By Order entered August 1, 2002, numerous cases involving common questions of law and fact to those raised by Plaintiffs Pfau, Glenn, Page, Ferguson, and Schroen were consolidated into this action. The aforementioned Plaintiffs have filed no opposition to consolidation of their claims. Accordingly, Defendants' motion will be granted.

## II. Lead Plaintiff

Boca Raton Police & Firefighters Retirement System and the Louisiana Retirement Funds, which consists of the Louisiana School Employees' Retirement System (LSERS) and the Louisiana Municipal Police Employees' Retirement System (MPERS), (collectively, the "Retirement Systems") seek to serve as lead plaintiff in this securities fraud class action. As a preliminary matter, to serve as a representative party in a securities fraud class action, a

plaintiff must file a sworn certification stating certain matters specified by statute. See 15 U.S.C. § 78u-4(a)(2)(A). Each of the Retirement Systems has filed a certification in compliance with this statute.

An Order of Consolidation in Civil Action No. H-02-1810 was entered August 1, 2002, and the additional four above-captioned cases are consolidated under the same cause number by this Order. "As soon as practicable" after ruling on pending motions to consolidate, "the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." Id. at § 78u-4(a)(3)(B)(ii). The "most adequate plaintiff" is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Id. at § 78u-4(a)(3)(B)(i). Section 78u-4 creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that (1) filed the complaint or made a motion to serve as lead plaintiff; (2) in the court's determination, has the largest financial interest in the relief sought by the class, and (3) otherwise meets the requirements of Fed. R. Civ. P. 23. Id. at § 78u-4(a)(3)(B)(iii)(I).

Rule 23 imposes four requirements on parties seeking to sue in behalf of a class: numerosity, commonality, typicality, and adequacy of representation. See FED. R. CIV. P. 23(a). Typicality and adequacy are directly relevant to the selection of a lead

4

plaintiff in a securities fraud class action. *See* <u>In re Enron Corp. Sec. Litig.</u>, 206 F.R.D. 427, 441 (S.D. Tex. 2002). Thus, the "most adequate plaintiff" must (1) have claims or defenses that are typical of the claims or defenses of the class, and (2) fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a). "[T]he PSLRA raises the standard adequacy threshold" by requiring that "securities class actions be managed by active, able class representatives who are informed and can demonstrate that they are directing the litigation." <u>Berger v. Compaq Computer Corp.</u>, 257 F.3d 475, 483 (5th Cir. 2001) (quotation omitted). The "lead plaintiff" provisions of the PSLRA "direct courts to appoint, as lead plaintiff, the most sophisticated investor available and willing so to serve in a putative securities class action." <u>Berger v. Compaq Computer Corp.</u>, 279 F.3d 313, 313 (5th Cir. 2002) (denying rehearing en banc).

A member of the purported plaintiff class may rebut the presumption that a particular plaintiff or group of plaintiffs is the "most adequate plaintiff" upon proof that the presumptively "most adequate plaintiff" (1) will not fairly and adequately protect the interests of the class, or (2) is subject to unique defenses that render that plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Retirement Systems, as the only plaintiff or plaintiff group seeking appointment as lead plaintiff, have produced evidence

5

that they collectively suffered over $1 million in financial losses. There is no indication of record that the Retirement Systems have claims and defenses that are not typical of the claims and defenses of the proposed class, nor is there any indication that the Retirement Systems will not fairly and adequately represent the interests of the proposed class. Large institutional investors such as the Retirement Systems tend to be sophisticated investors capable of controlling attorneys in securities fraud litigation, and the Private Securities Litigation Reform Act of 1995, by emphasizing financial stake, expresses a preference for appointing such investors. *See, e.g.*, Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999); Gluck v. CellStar Corp., 976 F. Supp. 542, 548 (N.D. Tex. 1997). Because the Retirement Systems, the only plaintiff or plaintiff group seeking appointment as lead plaintiff, are the presumptive most adequate plaintiff, their unopposed motion for appointment as lead plaintiff will be granted.

### III. Lead Counsel

Once a plaintiff or group of plaintiffs is selected as the "most adequate plaintiff," the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." Id. at § 78u-4(a)(3)(B)(v). The right to select and retain counsel is not absolute. In re Cendant Corp.

6

Litig., 264 F.3d 201, 273 (3d Cir. 2001). The district court has the power and the duty to supervise lead counsel selection. *See id.*

Rather surprisingly, the Retirement Systems seek to appoint as lead counsel three separate law firms: Bernstein Litowitz Berger & Grossmann L.L.P., Berman DeValerio Pease Tabacco Burt & Pucillo, and Schiffrin & Barroway, L.L.P., plus a fourth law firm as local liaison counsel: Nickens, Lawless & Flack, L.L.P. Although appointment of multiple law firms as lead counsel in certain circumstances may be beneficial to the litigation of a class action, appointment of co-counsel more commonly will create needless complications, administratively and otherwise, substantial multiplicity of effort, and materially increased litigation costs and expenses. *See In re Milestone Scientific Sec. Litig.*, 187 F.R.D. 165, 176-80 (D.N.J. 1999). Thus, district courts have declined to appoint co-lead counsel in securities fraud class actions absent a showing that co-counsel will better protect the interests of the plaintiff class. *See Richard Nmi Bell v. Ascendant Solutions, Inc.*, 2002 WL 638571, *6 (N.D. Tex. 2002); *In re Orbital Sciences Corp. Sec. Litig.*, 188 F.R.D. 237, 240 (E.D. Va. 1999); *Milestone*, 187 F.R.D. at 176, 181.

The Retirement Systems have made no showing that the controversy in this case requires the retention of three separate law firms as lead counsel, nor have they made any effort to explain

why any one of the law firms suggested is incapable of serving as sole lead counsel for the class in association with local liaison counsel. To the contrary, Retirement Systems have not demonstrated any identifiable shortcomings on the part of any of these law firms that require the addition of a second law firm, much less even a third law firm, as co-lead counsel. According to the biographies and resumes submitted, the Court is advised as follows:

### BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO

> Berman DeValerio Pease Tabacco Burt & Pucillo is one of the nation's leading law firms devoted to representing the victims of securities fraud and antitrust law violations. The Firm concentrates its practice on complex litigation throughout the United States.
>
> With offices in Boston, San Francisco and West Palm Beach, the Firm consists of 34 attorneys focusing almost exclusively on prosecuting class actions. The Firm has prosecuted hundreds of class actions on behalf of defrauded individuals and institutions, chiefly victims of securities fraud, consumer fraud and antitrust law violations. The firm has recovered over $1 billion dollars for clients and achieved significant changes in corporate governance.

The Berman DeValerio law firm claims to have been lead counsel, sole lead counsel, or co-lead counsel in numerous cases, and has offered no explanation as to why it is incapable of acting as sole lead counsel in this particular case or why it would require the assistance of another law firm as co-lead counsel.

8

### BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

>Bernstein Litowitz Berger & Grossman LLP, a firm of 32 attorneys in three offices located in New York, California and New Jersey, prosecutes class and private actions, nationwide, on behalf of individual and institutional clients. The firm's litigation practice concentrates in the area of securities class actions in federal and state courts; corporate governance litigation, including claims for breach of fiduciary duty and proxy violations; antitrust; prosecuting violations of federal and state anti-discrimination laws and vindication of employee rights; consumer and toxic/mass tort actions. We also handle, on behalf of major institutional clients and lenders, more general complex commercial litigation involving allegations of breach of contract, accountants' liability, breach of fiduciary duty, fraud and negligence.
>
>\* \* \*
>
>Since its founding in 1983, Bernstein Litowitz Berger & Grossmann LLP has litigated some of the most complex cases in history. For example, the firm was lead counsel in the celebrated *In re Washington Public Power Supply System Litigation*, which, after seven years of litigation and three months of jury trial, resulted in the then largest securities fraud settlement ever. Equally important, Bernstein Litowitz Berger & Grossman LLP has successfully advanced novel and socially beneficial principles by developing important new law in the areas in which we litigate.

The Bernstein Litowitz law firm claims to have been lead counsel, sole lead counsel, or co-lead counsel in numerous cases, and has offered no explanation as to why it is incapable of acting as sole lead counsel in this particular case or why it would require the assistance of another law firm as co-lead counsel.

**SCHIFFRIN & BARROWAY LLP**

>Schiffrin & Barroway, LLP, located just outside of Philadelphia, has specialized in complex class action litigation for over fifteen years, representing individual and institutional stockholders and consumers in class action litigation pending in state and federal courts throughout the United States. During the firm's successful history, Schiffrin & Barroway has recovered hundreds of millions of dollars for defrauded stockholders and aggrieved consumers. The firm, which has developed a nationwide reputation for excellence, is led by its senior partners, Richard S. Schiffrin and Andrew L. Barroway, with assistance from partners, Marc A. Topaz, David Kessler and Krishna B. Narine and numerous experienced associates and staff able to manage all aspects of complex class action litigation.

The Schiffrin & Barroway law firm claims to have been lead counsel, sole lead counsel, or co-lead counsel in numerous cases, and has offered no explanation as to why it is incapable of acting as sole lead counsel in this particular case or why it would require the assistance of another law firm as co-lead counsel.

All other motions for appointment of lead plaintiff and accompanying motions for approval of lead counsel have been withdrawn. Given the submissions that have been made, the Court is of the opinion that the appointment of more than one lead law firm in this particular case is not necessary for the effective representation of the proposed class; that at least one if not all three of the law firms that have been proposed for co-lead counsel would appear to be capable of acting more efficiently as sole lead counsel; that there are other law firms capable of serving as sole lead counsel if none of the three above described firms is selected

or will do so; and that, consistent with the PSLRA, Lead Plaintiff should act reasonably to minimize the incurrence of needless attorneys' fees and expenses in prosecuting their case. The motion and stipulation to appoint three different law firms all as co-lead counsel will therefore not be approved.

## IV.  Order

For the foregoing reasons, it is

ORDERED that Defendants' Motion to Consolidate Related Cases (Document No. 22) is GRANTED, and Civil Cause No. H-02-1837, *Pfau v. Reliant Energy, Inc.*, Civil Cause No. H-02-1920, *Glenn v. Reliant Resources, Inc.*, Civil Cause No. H-02-2264, *Ferguson v. Reliant Energy, Inc.*, and Civil Cause No. H-02-2292, *Schroen v. Reliant Energy, Inc.*, are hereby consolidated into Civil Action No. H-02-1810, *In re Reliant Securities Litigation*. It is further

ORDERED that the Motion of the Boca Raton Police & Firefighters Retirement System and the Louisiana Retirement Funds for the Appointment as Lead Plaintiff (Document No. 12-2) is GRANTED, and the Boca Raton Police & Firefighters Retirement System, the Louisiana School Employees' Retirement System, and the Louisiana Municipal Police Employees' Retirement System, are appointed as the lead plaintiff group in this case. It is further

ORDERED that the Motion of the Boca Raton Police & Firefighters Retirement System and the Louisiana Retirement Funds

for Approval of Their Selection of Co-Lead and Liaison Counsel (Document No. 12-3), is DENIED. Principals of Lead Plaintiff Boca Raton Police & Firefighters Retirement System and the Louisiana Retirement Funds shall confer with one another, shall act with the kind of sophistication that the Court expects the lead plaintiff group to demonstrate in selecting and controlling attorneys and in managing the litigation and, within twenty-one (21) days after the entry of this Order shall move for approval of one law firm and a particular member of that law firm to serve as lead counsel. Lead Plaintiff if it wishes may also move for approval of a local liaison counsel.

The Clerk will enter this Order and provide a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 27TH day of August, 2002.

*[signature]*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE